UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JUAN PÉREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:26-cv-00573-SDN |
| | ) | |
| DAVID WESLING, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER TO SHOW CAUSE**

On November 16, 2026, Petitioner Juan Pérez[1] filed a verified petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. According to the verified petition, Petitioner is a noncitizen who entered the country on an unspecified date in November 2024 and was designated an unaccompanied child. *Id.* at 4. Petitioner has Special Immigrant Juvenile ("SIJ") Status. *Id.*; ECF No. 1-3. On November 16, 2026, Petitioner was driving in Maine when immigration officials stopped him. *Id.* at 5.[2] Petitioner called his brother, who spoke to an ICE agent over the phone and shared that Petitioner has SIJ status. *Id.* Nevertheless, immigration officials detained Petitioner without a warrant. *Id.* at 13. At 5:19 p.m., immediately following the filing of his petition, this Court issued an emergency order staying Petitioner's transfer from the District of Maine for 72 hours. ECF No. 4. Petitioner seeks, among other remedies, a writ of habeas corpus ordering his

[1] Given the expedited nature and limited purpose of this Order, the fact that Petitioner represents he will identify himself to the Government to allow it to respond to its motion, the Court will allow Juan Pérez to proceed Under Pseudonym at this time, but reserves final ruling on the matter pending further briefing to be scheduled at a later date.

[2] Because Petitioner was detained in Maine at the time of the filing of his petition, I find this Court retains jurisdiction over the habeas matter. *See Ozturk v. Trump*, 777 F. Supp. 3d 26, 35 (D. Mass. 2025) ("[A]s a general matter, a habeas petitioner must file his or her petition in the district of confinement.").

immediate release and a declaratory order that his detention is unlawful because he was detained without an individualized assessment as required for a warrantless arrest. ECF No. 1 at 12–14.

To ensure I can assess the merits of the petition, Respondents are indefinitely **ENJOINED** from removing Petitioner from the jurisdiction of the United States or transferring Petitioner to a judicial district outside that of Maine pending further order of the Court. Respondents are **ORDERED TO SHOW CAUSE** as to the basis for Petitioner's detention before 3 p.m. on November 17, 2026. See 28 U.S.C. § 2243. Respondents are directed to substantively respond as to any provisions of law or fact in this case which would distinguish it from *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247 (D. Me. 2025), and other similar cases previously decided by this Court, or indicate why Petitioner is not a member of the certified class in *Guerrero Orellana v. Moniz*, No. 25-cv-12664 (D. Mass.), aff'd, Nos. 25 2152, 26-1094, 2026 WL 2352042 (1st Cir. Aug. 13, 2026) and subject to its protections.

**SO ORDERED.**

Dated this 16th day of November, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**